JUDGE MANNING

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAGISTRATE JUDGE NOLAN

| | |
|---|---|
| ARVIDA/JMB MANAGERS, INC., ON BEHALF OF ARVIDA/JMB PARTNERS, A LIMITED PARTNERSHIP | ) CASE NO. 030C0988 |
| Plaintiff, | ) JUDGE |
| | ) NOTICE OF REMOVAL |
| v. | ) CIVIL ACTION TO THE |
| | ) UNITED STATES |
| U.S. FIRE INSURANCE COMPANY, HOME INSURANCE COMPANY AND RISK ENTERPRISE MANAGEMENT INC. | ) DISTRICT COURT |
| Defendants. | ) |

DOCKETED
FEB 1 2 2003

FILED
FEB 1 0 2003 TO

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO: UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Defendant, United States Fire Insurance Company, a New York Corporation,

hereinafter referred to as ("U.S. Fire") by and through its, Merlo, Kanofsky &

Brinkmeier, Ltd., hereby give notice of the removal of this action from the Circuit

Court of Cook County, Chancery Division to the United States District Court for the

Northern District of Illinois and respectfully submits to this Honorable Court:

1. On November 20, 2002, Plaintiff, Arvida/JMB Managers, Inc., a Delaware

Corporation, on behalf of Arvida/JMB Partners, a Delaware limited partnership

hereinafter referred to as ("Arvida/JMB") commenced a civil action against the

Defendant, U.S. Fire in the Circuit Court of Cook County, Chancery Division, Case

No. 01 CH 21001. (A copy of this complaint is attached as Exhibit A.)

1/

2.    In its complaint, Arvida/JMB alleged jurisdictional facts establishing complete diversity of the parties.    More specifically, Arvida/JMB alleged that Arvida/JMB Managers Inc. is a Delaware Corporation with its principal place of business in Chicago, Illinois and is the managing partner of Arvida/JMB Partners, L.P. a Delaware limited partnership with its principal place of business also in Chicago, Illinois. (See paragraph 1, Exhibit A). Arvida/JMB further alleged that U.S. Fire is a New York corporation with its principal place of business in New Jersey. (See, paragraph 2, Exhibit A).

3.    Based on the diversity allegations, U.S. Fire in written correspondence to the attorneys for Arvida/JMB stated its intention to remove this case to federal court and served Arvida/JMB a request to admit facts for the purposes of establishing the jurisdictional amount.

4.    On December 18, 2002, Arvida/JMB countered by filing a first amended complaint.   The substance of this amended complaint was substantially similar to the original complaint. Both the original and the amended complaint contained the same allegations against U.S. Fire. (A copy of this amended complaint is attached as Exhibit B).

5.    The only measurable difference in the amended complaint was allegations regarding the structure of the partnership. More specifically, Arvida/JMB alleged that its limited partnership is comprised of a general partner, a limited partner, two associate partners and assignee holders.  (See, paragraph 1. Exhibit B).

2

6. Arvida/JMB claims that this subset of holdings were alleged to have been created pursuant to an assignment agreement dated September 10, 1987 in which shares of the partnership interest were sold at a public offering. A copy of the assignment agreement was not attached to the first amended complaint. Arvida/JMB generally alleges that these "Assignee Holders" reside in Illinois, New York and New Hampshire. Arvida fails to allege the identity of these Assignee Holders by name and address and further fails to state the date when these holders purchased their respective shares.

7. On or about January 6, 2003, Arvida/JMB again amended its complaint to include as defendants, Home Insurance Company hereinafter referred to as ("Home.") and Risk Enterprise Management Ltd., hereinafter referred to as ("REM"). (A copy of the seconded amended complaint is attached as Exhibit C.)

8. Arvida/JMB alleged that Home is a New Hampshire Corporation with its principal place of business in New York and REM is a Delaware Corporation with its principal place of business in New York. (See, paragraphs 8 and 9, respectively, Exhibit C).

9. On January 10, 2003, Arvida/JMB served its responses to the request to admit facts. In its responses, Arvida/JMB admitted that it is seeking damages in excess of $75,000. A copy of Arvida/JMB's responses to U.S. Fire's request to admit facts is attached and marked as Exhibit D.

10. This Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446, as it was filed within 30 days of the receipt of Arvida/JMB's request to admit facts.

3

11.   This is a civil action arising out of alleged construction defects in homes constructed by and/or at the direction of Arvida/JMB.   These defects claims were submitted to Home and U.S. Fire pursuant to the commercial and umbrella liability policies issued by these companies.   More specifically, the involved policies are a commercial liability and an excess liability policy issued by Home and a commercial umbrella policy issued by U.S. Fire. REM was merely the claims administrator for Home and had no contractual relationship with Arvida/JMB.   After an investigation, U.S. Fire commenced a Declaratory action in the Florida Federal District Court entitled *United States Fire Insurance Company v. Avida/JMB Partners, L.P. and Arvida/JMB Managers, Inc.,* cause no. 02-23366-CIV-MOORE.   Thereafter, Arvida/JMB filed the instant action in the circuit court of Cook County, Chancery Division.

12.   The second amended complaint filed by Arvida/JMB contains six counts directed against U.S. Fire and Home.   Counts I, III, V and VI are directed against U.S. Fire and Counts II and IV are directed against Home.   There are no causes of action nor are their any allegations of fault directed against REM.   In fact, Arvida/JMB concedes as much as it states that "REM is named solely for the purposes of assuring full and complete relief with respect to Home's obligations under its insurance policies issued to Arvida/JMB." (See, page 2, Exhibit D).

4

13. Inasmuch as Arvida/JMB fails to allege any wrongful conduct by REM, REM has been fraudulently joined in an attempt to defeat diversity jurisdiction and its citizenship should be disregarded as a matter of law. See *Lynch Ford, Inc., v. Ford Motor Company, et al.*, 934 F. Supp. 1005 (N.D. Ill 1996)

14. As REM has been fraudulently joined as a Defendant to Arvida/JMB's second Amended Complaint, its joinder or consent is not required for this removal action.

15. Notwithstanding that REM's consent is not required, both Home and REM, through their counsel, have consented to the removal of this action. *See* Exhibit E.

16. The business structure of Arvida/JMB is a limited partnership. Arvida/JMB is neither a membership association nor an underwriting syndicate. Therefore, for the purposes of diversity jurisdiction, courts must consider the citizenship of the general and limited partners. See, 28 U.S.C. Section 1332(a) and *Cardon v. Arkoma Associates* 110 S. Ct. 1015 (1990). Arvida/JMB's general partner is the corporation, Arvida/JMB Managers Inc. A corporation is a resident of the state of its incorporation and the state of its principal place of business. 28 U.S.C. Section 1332(c). Arvida/JMB Managers Inc. is a Delaware Corporation with its principal place of business in Chicago, Illinois. Arvida/JMB also alleges that it has one initial limited partner. Arvida/JMB does not object to jurisdiction based on the citizenship of this limited partner. Instead, Arvida/JMB asserts that it is the citizenship of the assignee holders that destroy diversity.

5

17. Assignee holders are not limited partners and their citizenship should not be considered in determining diversity. See, Section 101(6), Revised Uniform Limited Partnership Act and *United National Insurance Company v. Waterfront N.Y. Realty Corp.* 907 F.Supp 663 (S.D. N.Y. 1995) (estate held not to be a limited partner, but that of an assignee holder and as such the citizenship of the estate is not to be considered for purposes of diversity.)

18. Even if this court considers the citizenship of this tier of holdings for purposes of jurisdiction, it is submitted that these assignee holders are "nominal parties" to the litigation and their citizenship should not be used to destroy diversity. See *Navarro Savings Association v. Lee*, 100 S.Ct. 1779 (1980). The fact that members feel the blow through a trickle down effect is irrelevant to a jurisdictional analysis. *Arkwright v. Boston Manufacturers Mutual Insurance Co., v. Truck,* 173 F.3d 843 (1999).

19. Arvida/JMB distinguished among the different levels of its partnership. In separating out these classes, Arvida/JMB admits that the rights and duties differ among the tiers. Thus, the assignee holders who are represented in the bottom tier of the partnership do not have the same standing as the initial limited partner and are not "real and substantial parties to the controversy." *Navarro*, 100 S.Ct. at 460.

20. Arvida/JMB has avail itself to diversity jurisdiction after September 10, 1987, the date of the agreement that created the class of Assignee Holders who Arvida/JMB now claims destroys diversity. More specifically, Arvida/JMB has filed an action on February 2, 1991 in the United District Court for the Southern District of

Florida based on diversity in a breach of contract action entitled *Arvida/JMB Partners, et al v. Lasky*, case no 91-CV-8044. Arvida also defended an action filed on May 22, 1996 in the Southern District of Florida based on diversity entitled *Morehouse v. Cullasaja Venture, Arvida/JMB Partners, et al*, case no 96-CV-8351.

21. In *Moorehouse*, jurisdiction was obtained pursuant to a removal petition. It is a requirement that all defendants in a state court action join a notice of removal. See, *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352 (7th Cir. 2000). Therefore, Arvida as a defendant in *Moorhouse*, joined the removal petition. By doing so, Arvida has taken the position that it is subject to diversity jurisdiction. The Southern District Court of Florida accepted the removal petition and conferred jurisdiction.

22. Therefore, Arvida/JMB's should be judicially estopped from now claiming the inconsistent position that it is not subject to jurisdiction based on the citizenship of the Associate Holders. See *Forty-eight Insulations Inc. v. Aetna Casualty & Surety Co., et al* 162 B.R. 143 (1993) and *Bonnie & Company Fashions, Inc., v. Bankers Trust Company* (18 F.Supp.2d 297 (1998).

23. Since there is diversity between the plaintiffs and the defendants, the requirements of 28 U.S.C. Section 1332(a) and Section 1441(a) and (b) have been meet. There is complete diversity between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has jurisdiction of this action.

24. This petition for removal is submitted without prejudice to any claims U.S. Fire may assert against the nominal or fraudulently joined parties.

7

25. As required by 28 U.S. C. Section 1446 (b), U.S. Fire has provided written notice of the filing of this Notice of Removal to counsel for Plaintiff, and James Stickles, counsel for Home and REM. The attorneys for U.S. Fire will promptly file a copy of this Notice of Removal with Clerk of the Circuit Court of Cook County. (A copy of this Notice is attached as Exhibit F.)

WHEREFORE, pursuant to 28 U.S.C. Section 1332(a), 1441(a) and (b), and 1446, Defendants respectfully remove the above-captioned case from the Circuit Court of Cook County, Chancery Division to the United States District Court for the Northern District of Illinois along with all other relief proper in the premises.

Respectfully submitted,

Michael R. Gregg
Ross D. Roloff
Merlo, Kanofsky & Brinkmeier, Ltd.
208 S. LaSalle Suite 950
Chicago, Illinois 60604
312-683-7176
312-683-7183
mrg@merlolaw.com
rdr@merlolaw.com


Attorneys for Defendant,
United States Fire Insurance Company

8

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ARVIDA/JMB MANAGERS, INC., a Delaware corporatiojn, on behalf of ARVIDA/JMB PARTNERS, L.P., a Delaware limited partnership,

## DEFENDANTS

UNITED STATES FIRE INSURANCE COMPANY, a New York corporation,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Kirkland & ellis
200 East Randolph Drive
Chicago, IL 60602
(312) 861-2000

ATTORNEYS (IF KNOWN)

Merlo, Kanofsky & Brinkmeier, Ltd.
208 South LaSalle Street, Suite 950
Chicago, IL 60603 (312) 553-5500

30 0 988

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
|  |  |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC §§ 1446, 1332 and 1441

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint

JURY DEMAND: ☐ YES ☐ NO

## VIII. This case

☐ is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 02/10/03

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

JUDGE MANNING

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

MAGISTRATE JUDGE NOLAN

03C 0988

DOCKETED
FEB 1 2 2003

In the Matter of

ARVIDA/JMB MANAGERS, INC., a Delaware
corporation, on behalf of ARVIDA/JMB
PARTNERS, L.B., a Delaware limited
partnership v. U.S. Fire Insurance Co.

Case Number: 03C 0988

U.S. DISTRICT COURT
03 FEB 10 PM 4:36
FILED-EDA

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME  Michael R. Gregg | NAME  Ross D. Roloff |
| Merlo, Kanofsky & brinkmeier | Merlo, Kanofsky & Brinkmeier |
| FIRM  208 South LaSalle St. Suite 950 | FIRM  208 South LaSalle St. Suite 950 |
| STREET ADDRESS  Chicago, IL 60604 | STREET ADDRESS  Chicago, IL 60604 |
| CITY/STATE/ZIP  (312) 553-5500 | CITY/STATE/ZIP  (312) 5530 5500 |
| TELEPHONE NUMBER  6197027 | TELEPHONE NUMBER  6216762 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?    YES ☑    NO ☐ | MEMBER OF TRIAL BAR?    YES ☐    NO ☐ |
| TRIAL ATTORNEY?    YES ☑    NO ☐ | TRIAL ATTORNEY?    YES ☐    NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL?    YES ☐    NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?    YES ☐    NO ☐ | MEMBER OF TRIAL BAR?    YES ☐    NO ☐ |
| TRIAL ATTORNEY?    YES ☐    NO ☐ | TRIAL ATTORNEY?    YES ☐    NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?    YES ☐    NO ☐ | DESIGNATED AS LOCAL COUNSEL?    YES ☐    NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.

# See Case File For Exhibits